# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN NDUKA, JR.,<br>Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 19-CV-4316 |
| ROBERT WILLIAMS, *et al.*,<br>Defendants. | :<br>:<br>: |

## MEMORANDUM

**RUFE, J.**                                                          **OCTOBER 16, 2019**

Plaintiff Christian Nduka, Jr., proceeding *pro se*, has filed a Complaint (ECF No. 2) and a Motion to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Nduka is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. FACTS[1]

Plaintiff alleges that he is a music producer of Nigerian heritage who produces rap music for various unnamed rappers. (ECF No. 2 at 8.)[2] In his Complaint he names several Defendants who are well-known figures in the music industry. The essence of Nduka's Complaint accuses these Defendants of a broad-based conspiracy to hack Nduka's computer and iPhone, threaten his life, view his personal information, and ruin his name in the music industry. (*Id.* at 5.) These allegations are premised on "[s]ubliminal threats" made against him on social media platforms such as Instagram and Twittter. Nduka asserts that "certain people who were either jealous of [his] success or taunting [him] because of his Nigerian [h]eritage[,]" have made

---

[1] The facts set forth in this Memorandum are taken from Nduka's Complaint (ECF No. 2) and all the documents and exhibits attached thereto.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

"multiple threats" against him "over the internet[.]" Nduka alleges that he "came to the conclusion that [his] phone had been hacked[.]" Specifically, for example, Nduka claims that after he booked various airline flights, Defendants began referencing the locations of Nduka's upcoming flights, including a planned trip to Jamaica. Nduka asserts that one of the musician Defendants went so far as to create a new tour called the "Assassination Vacation" tour which was designed specifically to refer to Nduka's planned trip to Jamaica.[3]

Nduka alleges that he then received multiple threats about his flight, including threats that someone was going to bomb his plane or harm him after it landed. (*Id.* at 9.) Nduka asserts that he continued capturing screenshots of the "evidence" of this internet taunting which included multiple "artists in the industry" affiliated with Defendants who started referring to "'Flights' and 'Planes'" or their private jets. (*Id.*) Ultimately, Nduka canceled his trip to Jamaica, and began booking "'Fake'" trips through the internet website Expedia, only to find Defendants and those affiliated with them, were allegedly referencing his "fake" trips. (*Id.*) Nduka appears to believe that these social media references to his "fake" trips are evidence that his computer and phone have been hacked and that the lives of other people are in danger because Nduka lives close to multiple international airports in Pennsylvania, New Jersey, Virginia, and New York that "could all be targeted." (*Id.*) Nduka asserts that Defendants "have hacked [his] phone or know about [his] Flights and also have access to [his] Banking records, Phone Conversations, Text Messages, and Instagram and Twitter accounts." (*Id.*) This has led Nduka to live in fear for his own safety and the safety of others while flying commercially. (*Id.*) Nduka indicates that he is

---

[3] With regard to the "Assassination Vacation" tour, Nduka alleges that "[t]he color scheme was obvious and I knew they knew about my trip." (*Id.*)

2

afraid to travel to cities where Defendants have affiliates because they will know his location based on whatever device they are hacking at that time. (*Id.*)

Nduka seeks $500,000 in compensation — the amount of money Nduka asserts he could have been making if Defendants had not "ruined [his] name and blackballed [him] from the music industry." (*Id.* at 6.) Additionally, Nduka seeks compensation for the threats to his life and the lives of others, and for the amount of money he has spent on new iPhones, computers, and hardware since his devices were hacked by Defendants. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Nduka leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Because Nduka is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

## III. DISCUSSION

Nduka's allegations regarding the existence of a wide-reaching conspiracy among various rappers, producers, and their "affiliates" specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt Nduka are wholly incredible, as demonstrated by the exhibits that Plaintiff attaches to the Complaint. *See Denton*, 504 U.S. at 33. Although Plaintiff alleges he sent direct messages to one Defendant, he does not allege that he ever received a reply. Not a single post refers to him by name, or by any social media usernames or handles Nduka claims as his own, or directs any threat toward him. These posts appear to simply be general posts about travels and locations made available to the public and Defendants' social media followers.

Federal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. *See, e.g., Johnson v Young Money*, 745 Fed. App'x 441, 442 (3d Cir. 2018) (affirming dismissal of complaint as fanciful or delusional where it alleged that musicians were making music about and harassing the plaintiff); *Barnes-Velez v. Fed. Commc'n Comm'n*, Civ. A. No. 18-634, 2018 WL 4178196, at *1-3 (M.D. Fla. May 8, 2018), *report and recommendation adopted*, 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018) (dismissing *pro se* plaintiff's complaint as frivolous under § 1915(e)(2)(B)(i) and concluding that the complaint made "fanciful, fantastic, and delusional" allegations against the FCC, the FBI, and the NSA asserting that defendants wiretapped plaintiff's home, including her cell phone and home phone, illegally hacked her computer and tablet, installed cameras in her home, tampered with her mail, and disclosed the information obtained from these efforts to third parties); *Morgan v Unknown FBI Agents*, Civ. A. No. 16-

495, 2016 WL 11586214, at *2-3 (W.D. Tx. May 3, 2016), *report and recommendation adopted*, 2016 WL 11586213 (W.D. Tx. May 31, 2016) (concluding that dismissal as frivolous was warranted under § 1915(e)(2)(B)(i) because *pro se* plaintiff's "Complaint [was] paranoid and delusional . . . [where] [s]he believe[d] that government agents [were] following her, hacking her computer, spying on her with a camera at her home, and implanting devices in her body."); *Riches v. Swartz*, Civ. A. No. 07-379, 2007 WL 2319819, at *1-2 (W.D. Va. Aug. 13, 2007) (finding *pro se* plaintiff's allegations that defendants violated his rights by, among other things, hacking his computer, illegally wiretapping him, phishing, spamming, and code cracking were "clearly fantastic" and dismissing his § 1983 claims as frivolous under § 1915(e)(2)(B)(i)); *cf Campbell v Brender*, Civ. A. No. 10-325, 2010 WL 4363396, at *2, 4-5 (N.D. Tx. Oct. 25, 2010) (invoking the court's inherent authority and finding *pro se* plaintiff's claims against two technology companies, federal judges, the Clerk of Court, several lawyers, and a law firm were "precisely the sort of fanciful, delusional claims that merit dismissal" where plaintiff alleged that the companies "conspired with the other defendants to hack into her home computer and certain public library computers" and that the defendants more broadly "conspired to defeat her [prior] employment suit by falsifying court records, burglarizing her home to steal files, hacking into multiple computers, committing mail fraud, obstructing justice, and engaging in racketeering."); *see also Hughes v Whitlock*, Civ. A. No. 07-1582, 2007 WL 3026910, at *1 (E.D. Mo. Oct. 16, 2007) (granting defendant's Rule 12(b)(6) motion and finding the complaint was "obviously delusional" where *pro se* plaintiff alleged his neighbors were conducting surveillance on him and hacking his computers on behalf of the United States government).

Reading the Complaint and the exhibits attached thereto, it is apparent that Nduka's allegations are primarily based upon his own assumptions that generalized references to planes,

flights, or jets are meant as personal threats on his life should he board a commercial flight. His allegations of hacking are generalized and conclusory, and Nduka's allegations that his computer or iPhone have been hacked are wholly speculative. (*See* ECF No. 2 at 9) (alleging that Nduka is "afraid to travel . . . because of [Defendants] having my location in their hands via whatever device they are hacking me with. I am unaware of how much they know and how they got this information.") For these reasons, the Court will dismiss the Complaint as factually frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). Because amendment would be futile, the Court will not grant leave to amend. *See Johnson*, 745 Fed. App'x at 442.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Nduka leave to proceed *in forma pauperis* and dismiss his Complaint. All claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. An appropriate Order follows.

**BY THE COURT:**

*[signature]*

CYNTHIA M. RUFE, J.